O’Neall, J.
delivered the opinion of the Court.
The liability which each of the original securities for the sheriff, incurred by their bond under the act of ’95, is an equal part of the penalty, The first securi *283 ties were therefore each liable to an equal sixth part of the penalty, and this liability remains, unless something has been done which discharges it. The'act of1820, sect. 3d, provides “thatthe bonds for the faithful performance of their official duties, to be hereafter entered into by all other public officers, whose bond's are by law, directed to be deposited in the office of the Treasurer of the upper Division, shall be annually examined by the Secretary of State, the Surveyor General and the Treasurer of the Upper Division, at such time as they or a majority of them shall appoint. That if any of the securities, in either of the aforesaid officers’ bonds, should die or remove from the State, or if the said examiners or a majority of them should at the time of their examination, or at any other time be of opinion, that either of the said securities is not worth as much, clear of debt, as his proportion of the obligation to which his name is affixed, the said examiners, or a majority of them, shall cause the said public officer whose surety has departed this life, or removed from the State, or is objected to for insolvent cy, to be notified of such exception, and the said officer shall, within thirty days after the service of such notification, procure other satisfactory security to the said examiners, for such as have departed from the State or died, (but the original bond shall not be can-celled or impaired) or produce satisfactory evidence to the said examiners that the surety objected to as insolvent, is worth as much as his proportion of the said obligation, clear of debt, or else the said public officer shall procure such other, and sufficient additional surety or sureties, as a majority of the said examiners shall approve of. And in default of compliance with either of the said requisitions within the said thirty days, the office of the said defaulting officer, shall be regarded as vacant.” One of sheriff Harris’ securities having died insolvent, another having removed, and two others having become insolvent, he was required under this clause of the act of 1820, to give other securities; and he accordingly ex *284 ecuted a bond, in the penalty of $7000, with the "appellant and three others, as his securities. At a subsequent time, some of his securities being either insolvent or in doubtful circumstances, he, under this act, was required to give other security, and he executed a third bond with Isaac Harris, as his security. It is supposed, that five new or additional securities having thus become bound for the sheriff’s good conduct, that the securities were each liable only for one eleventh part of the penalty of the bond required by law. If this construction of the act of 1820 were correct, the effect would be to diminish the security, instead of preserving it as good as it was when first executed. For every new or additional security, would deduct his proportion from the liability of the solvent securities, but would not increase his liability for those who were insolvent, dead or removed. Such a construction, so manifestly at war with the intention of the Legislature, cannot and ought not to be allowed to prevail, unless the words of the enactment were too strong to be got over. But on looking into the act, it is manifest, that where securities are dead or removed, and new securities are required to be given in their place, by the sheriff, that they are substituted for those who are dead or removed, but without discharging their liability under the original bond. The act declares that in such a case, the officer shall procure “other satisfactory security to the said examiners for such as have departed from the State or died.” The word “for,” shews that the liability of the new securities, must be exactly the same as that of those who are dead or removed. They are for them, in their place or stead, and to the new securities, all who are aggrieved by the official default or misconduct of the sheriff, may look exactly in the same way, as they could to the first securities. When the security is alledged to be insolvent, the act directs, that the officer shall shew that the said security “is worth as much as his proportion of the said bond clear of debt,” or else shall procure “such other and additional securities.” It is clear here a sain *285 from the words used that the additional securities required in case of insolvency, were to be as to those who might be aggrieved by any misconduct or default of the sheriff, liable in exactly as great an amount, as the insolvent securities were. ■ It is true, that none of the securities are discharged by the new securities: their liability still remains to those who may be entitled to sue on the sheriff’s bonds. The ratio by which the several liability of the sheriff’s securities is fixed, arises from the act of ’95 and the bond given under it, when the sheriff enters upon the duties of his office. The subsequent bonds are intended to be cumulative securities, to make the liabilities under it good.
According to the effect of the bond executed by the appellant, he would at common law be liable to the whole penalty : it is by the aet of ’95, that he is entitled to be discharged on paying his equal proportion. If we were to look to his bond as the sheriff’s official bond, he would be liable to one fourth : it is by connecting it with the original bond, that it is found, there are more than four securities, when it is tacked to it as an additional security — it cannot change the liability arising under it. The new securities, can only claim to have their liability governed, by the rule of apportionment arising out of the original bond. I' hence conclude that the appellant is not entitled to have satisfaction entered on the execution against him, until he pays one sixth part of the penalty of the sheriff’s bond.
The case of Ferguson v. Harriss, 2 Bailey 397, does not at all conflict with this decision. That case was one of contribution among the securities, it depended not upon contract, but upon equality of burden and benefit. They had all undertaken for the sheriff’s good conduct, and were all liable to contribute to indemnify each other, for any loss beyond an equal share, to be borne by all who were solvent and able to pay. But it never was intended to say, that the additional securities diminished the ratio of liability, arising out of the original bond, to those who *286 were aggrieved by the default or misconduct of the sheriff. Each security incurred a liability of one sixth of the penalty, and each, was on that account liable to contribute, to refund a payment, which had been made by one.
The motion to reverse the decision of the Judge below is dismissed.